ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| AIXA PÉREZ REYES, SUCN. SANTOS REYES FALCÓN, CARMEN FALCÓN VERGARA<br><br>Recurridos<br><br>v.<br><br>AMÉRICO DE JESÚS ORTIZ<br><br>Recurrente | KLRA202400176 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Desarrollo Económico y Comercio, Oficina de Gerencia de Permisos (OGPE)<br><br>Caso Núm.: 2021-384085-CUB-003091<br><br>Sobre: Consulta De Ubicación De Taller De Hojalatería y Pintura |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 24 de mayo de 2024.

El Sr. Américo de Jesús Ortiz (señor De Jesús o Recurrente), solicita la revocación de la *Resolución de Revisión Administrativa* que emitió la Oficina de Gerencia de Permisos (OGPe) el 4 de marzo de 2024 y notificó el 5 de marzo de 2024.[1] Mediante esta, OGPe dejó sin efecto la *Resolución de Consulta de Ubicación* emitida el 17 de noviembre de 2023. Esta dictaminó que era procedente la solicitud de *Revisión Administrativa* para legalizar la operación de un taller de hojalatería y pintura, así como la construcción de baños, en una propiedad ubicada en el Municipio de Aguas Buenas.

Por las razones que exponemos a continuación, confirmamos la determinación recurrida.

---

[1] Apéndice del recurso de revisión, págs. 83-95.

Número Identificador

SEN2024_____

**I.**

El 12 de julio de 2021, el señor De Jesús solicitó una *Consulta de Ubicación* ante OGPe.[2]  Surge del *Memorial Explicativo*, que el Ingeniero Heriberto Velázquez Martínez solicitó una variación en el uso debido a que el uso de taller de hojalatería y pintura no está permitido en el Distrito R-1, aunque hay otro taller en la misma carretera PR-173 hacia el Sur.[3]  El 25 de junio de 2021, OGPe expidió *Certificación de Cumplimiento Ambiental por Exclusión Categórica*.[4]

Posteriormente, el 21 de diciembre de 2021, la Junta de Planificación dictó *Resolución* en las Querellas 2021-SRQ-007130 y 2021-SRQ-007509 ordenando la paralización del trámite administrativo.[5]

El 8 de marzo de 2022, el Departamento de Recursos Naturales y Ambientales (DRNA) expidió una *Certificación para Categorización de Hábitats Naturales para la Vida Silvestre*. Categorizó el predio como un hábitat natural con bajo potencial de convertirse en hábitat esencial, hábitat de alto valor ecológico o hábitat de valor ecológico.[6]

Asimismo, el 30 de marzo de 2022, el Departamento de Cumplimiento Ambiental para Evaluación Ambiental emitió una *Determinación de Cumplimiento Ambiental para la Evaluación Ambiental*.[7]

El 5 de abril de 2023, Primera Hora publicó un aviso de vista y se instaló un rótulo frente a la propiedad.[8]  El 21 de abril de 2023, se llevó a cabo una vista pública presidida por la Oficial Examinadora Lcda. Alma H. Acevedo Ojeda.  El Recurrente

---

[2] *Íd.*, pág. 1.
[3] *Íd.*, págs. 2-5.
[4] *Íd.*, págs. 6-8.
[5] *Íd.*, págs. 9-10.
[6] Apéndice del recurso de revisión, págs. 11-12.
[7] *Íd.*, págs. 13-16.
[8] *Íd.*, págs. 17-18.

compareció acompañado por el Ing. Heriberto Velázquez Martínez. También comparecieron la Sra. Aixa Pérez Reyes y el Sr. Carlos Pérez, representados por el Lcdo. Luis Ramón Rodríguez. El 1 de mayo de 2023, la Oficial Examinadora emitió el *Informe de Vista*. No recomendó la aprobación de la consulta de ubicación.[9]

Así las cosas, el 17 de noviembre de 2023, la Junta Adjudicativa de Gerencia de Permisos emitió una *Resolución Consulta Ubicación*. Autorizó de manera condicional la consulta de ubicación propuesta para legalizar el taller de hojalatería y pintura y la construcción de baños pertenecientes. Sin embargo, para obtener un permiso de construcción, se deberá cumplir con las recomendaciones del DRNA.[10]

Insatisfechos, el 4 de diciembre de 2023, la señora Pérez Reyes y el señor Pérez presentaron una *Reconsideración*. En resumen, alegaron que la *Resolución de Consulta de Ubicación* emitida por la OGPe fue arbitraria y caprichosa.[11]

El 12 de diciembre de 2023, la OGPe acogió la *Solicitud de Revisión Administrativa*.[12] Luego, el 20 de diciembre de 2023, la OGPe emitió un *Aviso de Vista de Revisión* para el 9 de enero de 2024.[13]

La OGPe emitió un *Permiso de Construcción* para la legalización del taller de hojalatería y pintura, así como la construcción de nuevos baños, el 30 de enero de 2024.[14]

El 4 de marzo de 2024, notificada al día siguiente, la OGPe emitió una *Resolución de Revisión Administrativa* en la que se declaró Ha Lugar la solicitud. Además, la OGPe anuló la

---

[9] *Íd.*, págs. 19-33.
[10] *Íd.*, págs. 34-44.
[11] *Íd.*, págs. 45-71.
[12] *Íd.*, págs. 72-79.
[13] Apéndice del recurso de revisión, págs. 80-82.
[14] *Íd.*, págs. 96-102.

autorización de la consulta de ubicación solicitada por el peticionario.[15]

La OGPe emitió un *Permiso Único* para un taller de pintura el 1 de abril de 2024.[16]

En desacuerdo con la determinación de OGPe en la *Resolución de Revisión Administrativa*, el 4 de abril de 2024, el señor De Jesús presentó el recurso que atendemos. Alegó que incidió la OGPe:

> AL DETERMINAR DEJAR SIN EFECTO LA AUTORIZACIÓN DE LA CONSULTA DE UBICACIÓN EXPEDIDA MEDIANTE RESOLUCIÓN EL 17 DE NOVIEMBRE DE 2023. ESTA AUTORIZACIÓN ESTABA JUSTIFICADA EN LA ACTIVIDAD COMERCIAL EN EL ÁREA Y CUMPLÍA CON TODAS LAS RECOMENDACIONES AMBIENTALES DEL DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES, HECHO PROBADO EN LA RESOLUCIÓN DE REVISIÓN ADMINISTRATIVA DEL 4 DE MARZO DE 2024.

> AL NO TOMAR EN CUENTA LA RECOMENDACIÓN AMBIENTAL PRESENTADA, LA CUAL REAFIRMA QUE LA VARIACIÓN EN USO NO AFECTA ADVERSAMENTE LA SALUD Y LA TRANQUILIDAD DE LOS VECINOS COLINDANTES. ADEMÁS, SE DETERMINÓ QUE LA ACCIÓN PROPUESTA POR EL PETICIONARIO NO TENDRÍA UN IMPACTO AMBIENTAL SIGNIFICATIVO.

> AL DETERMINAR QUE LA RESOLUCIÓN DE CONSULTA DE UBICACIÓN NO CUMPLÍA CON LOS REQUISITOS PARA SER VÁLIDA. LA DETERMINACIÓN AMBIENTAL QUE FORMA PARTE DEL EXPEDIENTE ADMINISTRATIVO, Y LA CUAL GOZA DE PRESUNCIÓN DE CORRECCIÓN, ESTABLECE QUE LOS IMPACTOS AMBIENTALES FUERON ADECUADAMENTE CONSIDERADOS Y ANALIZADOS, Y SE APROBÓ EL MISMO, DANDO ASÍ POR TERMINADO EL PROCESO DE EVALUACIÓN AMBIENTAL.

> AL DEJAR SIN EFECTO LA RESOLUCIÓN DE CONSULTA DE UBICACIÓN DEL 17 DE NOVIEMBRE DE 2023, A PESAR DE QUE LA PARTE RECURRENTE DEMOSTRÓ CUMPLIR CON LOS REQUISITOS PARA EXPEDIR LA VARIACIÓN EN USO SOLICITADO. TAL ES ASÍ QUE LA PROPIA AGENCIA EXPIDIÓ UN PERMISO DE USO ÚNICO EL PASADO 1 DE ABRIL DE 2024.

El pasado 6 de mayo de 2024, los Recurridos presentaron su oposición al recurso. Luego de ello la parte recurrente estuvo de acuerdo en dar por perfeccionado el recurso y así lo decretamos mediante Resolución del 22 de mayo de 2024. Con el beneficio de ambas comparecencias, adjudicamos el mismo.

---

[15] *Íd.*, págs. 83-95.
[16] *Íd.*, págs. 103-108.

**II.**

Es norma reiterada que los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado. Hernández Feliciano v. Municipio de Quebradillas, 211 DPR 99 (2023); Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Estos dictámenes cuentan con una presunción de legalidad y corrección que subsiste mientras no se produzca suficiente prueba para derrotarla. OEG v. Martínez Giraud, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación et al., 204 DPR 581 (2020); Torres Rivera v. Policía de PR, *supra*, pág. 626; Batista, Nobbe v. Jta. Directores, 185 DPR 206, 215 (2012).

Para así lograrlo, corresponde a la parte que las cuestiona "demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba presentada que tuvo ante su consideración." Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 128 (2019); Camacho Torres v. AAFET, 168 DPR 66, 91 (2006).

Por tanto, la parte que impugna judicialmente las determinaciones de hechos de una agencia administrativa tiene el peso de la prueba para demostrar que estas no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. OEG v. Martínez Giraud, *supra*; OCS v. Universal, 187 DPR 164, 178-179 (2012); González Segarra v. CFSE, 188 DPR 252, 276-278 (2013). Así, pues, evidencia sustancial ha sido definida jurisprudencialmente como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para

sostener una conclusión. OEG v. Martínez Giraud, *supra*; Batista, Nobbe v. Jta. Directores, *supra*, pág. 216. Así, el criterio rector en estos casos siempre estará guiado por la razonabilidad de la determinación administrativa luego de considerar el expediente administrativo en su totalidad. OEG v. Martínez Giraud, *supra*.

En cuanto a las conclusiones de derecho estas serán revisables en todos sus aspectos por el tribunal. Véanse Sec. 4.5 de la LPAU, *supra*; Hernández Feliciano v. Municipio de Quebradillas, *supra*; ECP Incorporated v. OCS, 205 DPR 268, 281-282 (2020). Se descartará el criterio de los entes administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". Hernández Feliciano v. Municipio de Quebradillas, *supra*; Capó Cruz v. Jta. Planificación et al., *supra*, pág. 591; Rolón Martínez v. Supte. Policía, *supra*. Por ende, se ha señalado que "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". Rolón Martínez v. Supte. Policía, *supra*; Torres Rivera v. Policía de PR, *supra*, pág. 657. Aun en casos dudosos en que la interpretación de la agencia no sea la única razonable, la determinación de la agencia merece deferencia sustancial. JP, Plaza Santa Isabel v. Cordero Badillo, 177 DPR 177,187 (2009); De Jesús v. Depto. Servicios Sociales, 123 DPR 407, 417-418 (1989).

Para esta encomienda de la revisión judicial, la Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675, (en adelante, LPAU) dispone que los tribunales se ceñirán a evaluar (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si se sostienen las conclusiones de derecho

realizadas por la agencia. Hernández Feliciano v. Municipio de Quebradillas, *supra*, pág. 115; Moreno Lorenzo y otros v. Depto. Fam., 207 DPR 833, 839-840 (2021); Capó Cruz v. Jta. Planificación et al., *supra*.

Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. Hernández Feliciano v. Municipio de Quebradillas, *supra*; Torres Rivera v. Policía de PR, *supra*, pág. 628.

A la luz de la mencionada normativa, evaluamos.

## III.

Los Recurrentes señalan que la OGPe incidió al dejar sin efecto la autorización de la consulta de ubicación expedida mediante resolución el 17 de noviembre de 2023. Alegan que esta autorización estaba justificada en la actividad comercial en el área y cumplía con todas las recomendaciones ambientales del Departamento de Recursos Naturales y Ambientales.

Por otro lado, los Recurrentes señalan que la OGPe erró al no tomar en cuenta la recomendación ambiental presentada, la cual reafirma que la variación en uso no afecta adversamente la salud y la tranquilidad de los vecinos colindantes. Aducen además que se determinó que la acción propuesta por el peticionario no tendría un impacto ambiental significativo.

Como tercer señalamiento de error, los Recurrentes señalan que la OGPe incidió al determinar que la resolución de consulta de ubicación no cumplía con los requisitos para ser válida. La

determinación ambiental que forma parte del expediente administrativo, y la cual goza de presunción de corrección, establece que los impactos ambientales fueron adecuadamente considerados y analizados, y se aprobó el mismo, dando así por terminado el proceso de evaluación ambiental.

Finalmente, los Recurrentes señalan que la OGPe erró al dejar sin efecto la resolución de consulta de ubicación del 17 de noviembre de 2023, a pesar de que la parte recurrente demostró cumplir con los requisitos para expedir la variación en uso solicitado. No le asiste la razón. Ninguno de los errores señalados se cometió. Debido a que el señor De Jesús plantea la comisión de errores relacionados entre sí, estos serán discutidos en conjunto.

En este caso, la *Resolución* emitida por OGPe autorizando la solicitud de consulta de ubicación no incluye una evaluación de la justificación para autorizar la variación en uso. En cambio, surge de las mismas conclusiones de derecho que no se justifica la variación solicitada. A juicio de la Oficial Examinadora, la variación no beneficia al vecindario, "sino que afecta la salud y la tranquilidad de los vecinos colindantes con los ruidos y lores objetables".[17] Surge también de las referidas conclusiones que el proyecto no asegura una calidad de vida deseable en el vecindario.

Los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado. Conforme a la normativa antes expuesta, se descartará el criterio de los entes administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". Hernández

---

[17] Apéndice del recurso de revisión, pág. 42.

Feliciano v. Municipio de Quebradillas, *supra*; Capó Cruz v. Jta. Planificación et al., *supra*, pág. 591; Rolón Martínez v. Supte. Policía, *supra*.

Consideramos que la solicitud de los Recurridos fue resuelta adecuadamente por la agencia en su *Resolución de Revisión Administrativa* del 4 de marzo de 2024, en la que se declaró Ha Lugar.  La OGPe evaluó las alegaciones de las partes y emitió la *Resolución de Consulta de Ubicación* del 17 de noviembre de 2023.  Posteriormente, anuló la autorización de la consulta de ubicación solicitada por el peticionario.

De otro lado no hay indicio en el expediente de que la agencia haya actuado de forma irrazonable, arbitraria o ilegal.  Al aplicar las normas de revisión judicial de una decisión administrativa al caso de autos, procede concluir que el dictamen de la OGPe fue razonable y no requiere nuestra intervención.

**IV.**

Por los fundamentos ante expuestos, CONFIRMAMOS la resolución emitida por la OGPe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones